IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAUL SCHULER, et al.,

    Plaintiffs,

       v.

FIRST HORIZON HOME LOANS
a Division Of First Tennessee Bank
National Association (As Successor in
Interest by Merger to First Horizon
Home Loan Corporation), et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1433-TWT

## OPINION AND ORDER

This is a wrongful foreclosure action. It is before the Court on the Plaintiffs'
Motion to Remand [Doc. 9] and the Defendants Federal National Mortgage
Association and Seterus, Inc.'s Motion to Dismiss [Doc. 3]. For the reasons set forth
below, the Plaintiffs' Motion to Remand [Doc. 9] is DENIED and the Defendants'
Motion to Dismiss [Doc. 3] is GRANTED.

## I. Background

On April 27, 2000, the Plaintiff Paul Schuler purchased property (the "Property") located at 101 Farm Overlook Drive in Henry County, Georgia.[1] In connection therewith, the Plaintiff signed a note and a security deed in favor of Perimeter Mortgage Funding.[2] On September 26, 2003, the Plaintiff refinanced the Property with First Horizon Home Loan Corporation.[3] As part of the transaction, the Plaintiff signed a security deed in favor of First Horizon.[4]

On July 22, 2010, the Defendant First Horizon Home Loans ("FHHL") – successor-in-interest to First Horizon Home Loan Corporation – assigned the First Horizon security deed to Mortgage Electronic Registration Systems ("MERS") as nominee for FHHL.[5] On December 21, 2011, MERS assigned the First Horizon security deed to the Defendant Federal National Mortgage Association ("Fannie Mae").[6]

---

[1]      Compl. ¶¶ 7-8.

[2]      Compl. ¶ 9.

[3]      Compl. ¶ 10.

[4]      Compl. ¶ 10.

[5]      Compl. ¶ 16.

[6]      Compl. ¶ 19.

On June 19, 2013, Fannie Mae sent the Plaintiff Paul Schuler a Notice of Foreclosure.[7] In particular, the Notice indicated that the Plaintiff had defaulted "in the payment of the indebtedness."[8] On August 6, 2013, Fannie Mae sold the Property to itself in a foreclosure sale.[9] The Plaintiffs brought suit in state court against multiple parties – including Fannie Mae, Seterus, Inc. (the loan servicer), and FHHL – for wrongful foreclosure. In particular, the Plaintiffs claim that (1) Fannie Mae did not have a right to foreclose because it did not legally hold the security deed, and (2) the notice of foreclosure the Plaintiff Paul Schuler received did not meet Georgia's statutory requirements. Fannie Mae and the Defendant Seterus, Inc. (collectively, the "Defendants") removed the case to this Court, and now move to dismiss.

## II. Legal Standard

A plaintiff may survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the factual allegations in the Complaint give rise to a plausible claim for relief.[10] For a claim to be plausible, the supporting factual matter must establish more than a mere

---

[7]     Compl. ¶ 22.

[8]     Mot. to Dismiss, Ex. E.

[9]     Compl. ¶ 24.

[10]     See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

possibility that the plaintiff is entitled to relief.[11] In determining whether a plaintiff has met this burden, the Court must assume all of the factual allegations in the Complaint to be true. The Court, however, need not accept as true any legal conclusions found in the Complaint.[12]

The "analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto."[13] However, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."[14]

---

[11]    See Iqbal, 556 U.S. at 678.

[12]    See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555 (A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks omitted).

[13]    Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1368 (11th Cir. 1997).

[14]    Id. at 1369.

## III. Discussion

### A. Motion to Remand

As an initial matter, the Plaintiffs argue that the Defendants Fannie Mae and Seterus improperly removed this action because they did not receive consent from the third defendant, FHHL. Generally, "all defendants who have been properly joined and served must join in or consent to the removal of the action."[15] However, "nominal . . . parties, being neither necessary nor indispensable, are not required to join in the petition for removal."[16] A "party is nominal when, in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff."[17]

Here, the Defendants argue that FHHL is a nominal party.[18] The Court agrees. There is no allegation that FHHL was involved in the foreclosure itself, which serves as the basis for the Plaintiffs' claims. There is no allegation that FHHL is claiming any interest in the Property, and the Plaintiffs are not seeking any relief from FHHL. In

---

[15]     28 U.S.C. § 1446(b)(2)(A).

[16]     Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am., 427 F.2d 325, 327 (5th Cir. 1970).

[17]     Brannigan v. Bank of Am. Corp., No. 2:13-CV-00129-RWS, 2013 WL 6510787, at *2 (N.D. Ga. Dec. 12, 2013) (internal quotation marks omitted).

[18]     Defs.' Resp. to Pls.' Mot. to Remand, at 9-10.

response, the Plaintiffs assert that if the Defendants' argument were accepted, "[a]ny defendant unilaterally [labeled] 'nominal' could routinely be ignored for purposes of consent to removal, thus allowing the newly-created exception to swallow the rule."[19] This is obviously incorrect. The Defendants are not suggesting that FHHL is a nominal party simply because the Defendants "unilaterally" declared it to be one. Instead, they have argued, correctly, that FHHL is a nominal party because its conduct is largely immaterial to the Plaintiffs' claims. Accordingly, FHHL's consent was not required, and so the Defendants properly removed the action to this Court.

### B. Motion to Dismiss

In Georgia, "a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages."[20] The Plaintiffs argue that Fannie Mae breached its duty to the Plaintiffs in two ways. First, the Plaintiffs argue that the assignment of the First Horizon security deed to Fannie Mae was invalid, and so Fannie Mae had no right to foreclose. In particular, the Plaintiffs assert that the assignment contract was not signed by a

---

[19]     Pls.' Reply in Supp. of Mot. to Remand, at 8.

[20]     Racette v. Bank of Am., N.A., 318 Ga. App. 171, 174 (2012) (internal quotation marks omitted).

person who had the authority to assign the security deed. Under Georgia law, "[a] claim for wrongful exercise of a power of sale under OCGA § 23-2-114 can arise when the creditor has no legal right to foreclose."[21] Here, the Plaintiffs were not a party to the First Horizon security deed assignment, and so they do not have standing to challenge its validity.[22] Consequently, because the Plaintiffs do not allege that they are current on the mortgage, the Plaintiffs' first wrongful foreclosure claim fails.

The Plaintiff Paul Schuler then claims that the Notice of Foreclosure he received did not "identify the entity with full authority to modify the mortgage," as required by Georgia law.[23] Under Georgia law, a notice of foreclosure "shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." O.C.G.A. § 44-14-162.2(a). The "statute does not require that notice letters must identify the security creditor."[24] The "only entity that [has] to be identified in the

---

[21]    DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 449 (2008).

[22]    See, e.g., Montgomery v. Bank of Am., 321 Ga. App. 343, 346 (2013) ("[T]he assignment was contractual, and because Montgomery was not a party to the assignment . . . he lacked the standing to contest its validity."); Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1343-44 (N.D. Ga. 2013) ("[C]ourts have repeatedly rejected the argument that a homeowner has standing to challenge the assignment of a security deed which grants the assignor a power of sale.").

[23]    Compl. ¶ 26.

[24]    Carr v. U.S. Bank, NA, 534 Fed. Appx. 878, 881 (11th Cir. 2013).

Notice [is] the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder, attorney, or *servicing agent*."[25] Where "a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with OCGA § 44-14-162 et seq., the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure."[26] Here, the Notice of Foreclosure provided contact information for Seterus, the servicer of the loan,[27] and it indicated that Seterus had full authority "to discuss, negotiate, or change all terms of the mortgage."[28] The Plaintiffs do not allege that Seterus lacked such authority. Instead, the Plaintiffs simply argue that this information was not included in the foreclosure notice that Fannie Mae published in a local newspaper.[29] The Plaintiff Paul Schuler, however, does not deny that the Notice of Foreclosure he *personally* received included the necessary information.

But even assuming that Fannie Mae's Notice of Foreclosure did not meet Georgia's statutory requirements, the Plaintiffs' claim still fails because they may not

---

[25]    Harris v. Chase Home Fin., LLC, 524 Fed. Appx. 590, 593 (11th Cir. 2013) (emphasis added).

[26]    Roylston v. Bank of Am., N.A., 290 Ga. App. 556, 559 (2008).

[27]    Compl. ¶ 24.

[28]    Mot. to Dismiss, Ex. E.

[29]    Pls.' Resp. to Mot. to Dismiss, at 19.

receive the relief requested. To begin, the Plaintiffs cannot receive damages because they have not sufficiently alleged causation. Even "where a borrower has established duty and breach of duty, it still needs to show a causal connection between the defective notice and the alleged injury."[30] The Plaintiffs have failed to allege "how the end result would have been different" if they had received a statutorily sufficient notice of foreclosure.[31] The Plaintiffs do not, for example, allege that they would have been able to cure the default, nor do they allege that they would have been able to successfully petition for a loan modification. Additionally, the Plaintiffs' claim for equitable relief fails because they do not allege that they tendered the amount due on the loan, and before "one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed . . . [he] must pay or tender to the creditor the amount of principal and interest due . . . [n]either fraud nor poverty constitute an equitable excuse for failure to tender."[32] Accordingly,

---

[30]   Heritage Creek Development Corp. v. Colonial Bank, 268 Ga. App. 369, 371 (2004); see also Calhoun First Nat. Bank v. Dickens, 264 Ga. 285, 286 (1994) ("The bank's failure to provide proper notice constituted a breach of [a] duty . . . [h]aving established duty and breach, however . . . [the plaintiff] still needed to show a causal connection between the lack of notice and the alleged injury.").

[31]   Id. at 372.

[32]   Hill v. Filsoof, 274 Ga. App. 474, 475-76 (2005) (internal quotation marks omitted).

the Plaintiffs have failed to state a plausible wrongful foreclosure claim, and so the Motion to Dismiss should be granted.

## IV. Conclusion

For these reasons, the Court DENIES the Plaintiffs' Motion to Remand [Doc. 9] and GRANTS the Defendants Federal National Mortgage Association and Seterus, Inc.'s Motion to Dismiss [Doc. 3]. Consequently, the Court also DENIES the Plaintiffs' Motion for a Temporary Restraining Order [Doc. 2] and DENIES the Plaintiffs' Motion to Appoint a Special Master [Doc. 7].

SO ORDERED, this 3 day of March, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge